# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DRUMMOND,<br><br>                Plaintiffs,<br><br>vs.<br><br>SOUTHWEST COUNCIL OF CARPENTERS,<br><br>                Defendant. | Case No. 2:14-cv-01242-APG-GWF<br><br>**ORDER**<br><br>Plaintiff's Application to Proceed in Forma Pauperis (#1) |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on July 29, 2014.

## **BACKGROUND**

Plaintiff brings this action against the carpenters union for allegedly wrongfully denying him pension benefits. As the Court understands Plaintiff's complaint, he is alleging that the defendant maintains that he is ninety-six (96) hours short of "their pension". Plaintiff Drummond requests an award of $3,000.00 a month for a period of June 6, 2006 to the present.

## **DISCUSSION**

**I.     Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in forma pauperis, is left to the discretion of the presiding judge,

based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

      Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. Therein Plaintiff indicated that he makes $1,606.00 a month in wages, and an undisclosed amount in social security and pension payments. He alleges monthly expenses totaling $826.00, which include rent in the amount of $495.00, electricity expenses in the amount of $61.00, clothing expenses in the amount of $100.00, gasoline expenses in the amount of $70.00 and entertainment expenses in the amount of $100.00. Furthermore, Plaintiff indicates that he has no dependants or other financial obligations. Based on the information provided, the Court finds that Plaintiff is able to pay the filing fee in this case. *See Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and owned a van valued at $500.00); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

      Based on his application, it appears that Plaintiff's income exceeds his expenses. Further, Plaintiff failed to include the amount of income he receives in social security and pension payments pursuant to question three. Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. Accordingly,

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **denied** without prejudice. Plaintiff shall have until thirty (30) days from the date of this order to either file a completed, amended application to proceed *in forma pauperis* or pay the filing fee of $400.00, or the above-captioned case shall be dismissed.

DATED this 1st day of August, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge